UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CASE NO. 5:14-CV-00005-LLK

**NICKY DALE SMITH**  PLAINTIFF

v.

**CAROLYN COLVIN, Commissioner of Social Security**  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied his application for disability insurance benefits. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. The fact and law summaries of Plaintiff and Defendant are at Docket Numbers 14 and 17, and this matter is ripe for determination.

Because Plaintiff's contentions are unpersuasive and the ALJ's finding of lack of disability is supported by substantial evidence, the final decision of the Commissioner is AFFIRMED and Plaintiff's complaint is DISMISSED.

**Background facts and procedural history**

Plaintiff was born in 1972 and alleges disability due to degenerative disc disease with bulging at L5-S1, sleep apnea, neuropathy, depression, and side-effects of strong pain medication.

The ALJ denied Plaintiff's disability claim, finding that, although he is unable to perform past relevant work, he retains the ability to perform a significant number of sedentary jobs with a sit/stand option in the national economy.

The ALJ based this finding on a vocational hypothetical that contemplated significant physical limitations and mental limitations attributable to pain medication side-effects:

1

1.  Physically, the individual is limited to sedentary work allowing for change of position between sitting and standing / walking every 30 minutes.  Administrative Record (AR), p. 74.

2.  Mentally, the individual can understand, remember, and carry out simple instructions; make judgments on simple work-related decisions; accept instructions; interact appropriately with others, supervisors, and coworkers in a routine work setting; respond to usual work situations, and to changes in a routine work setting; and maintain concentration and attention for 2-hour segments over an 8-hour period.  AR, p. 73.

**The ALJ committed no reversible error in not listing
depression and neuropathy among Plaintiff's "severe" impairments.**

At Step 2 of the sequential evaluation process, the Commissioner identifies the claimant's "severe" impairments, if any.  "Severe" is a term of art meaning approximately "vocationally significant."[1]

The ALJ acknowledged that Plaintiff has the following severe impairments:  degenerative disc disease with bulging at L5-S1 and sleep apnea.  AR, p. 13.

Plaintiff's contends that the ALJ erred in not including as severe impairments his neuropathy and depression.

The omission of an impairment from an ALJ's Step 2 findings does not warrant remand where the ALJ found other impairments meeting the Step 2 severity criteria and proceeded to the remaining steps.  See *Maziarz v. Secretary*, 837 F.2d 240, 244 (6th Cir.1987) (because ALJ acknowledged other "severe" impairments, severity of cervical condition irrelevant for Step 2 purposes).  If a claimant has more than one impairment, the ALJ must consider all medically-determinable impairments when assessing residual functional capacity (RFC), including those that are not severe.  20 C.F.R. §

---

[1] The Sixth Circuit construes the Step 2 severity regulation as a "de minimis hurdle," *Rogers v. Commissioner*, 486 F.3d 234 n.2 (6th Cir.2007), intended to "screen out totally groundless claims."  *Farris v. Secretary*, 773 F.2d 85, 89 (6th Cir.1985).  Thus, if an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ must treat it as "severe."  Soc. Sec. Rul. 96-3p, 1996 WL 374181 at * 1 (1996).

404.1545(a)(3); *Fisk v. Astrue*, 253 Fed.Appx. 580, 584 (6th Cir.2007) (once ALJ determines at least one severe impairment, he "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'"); *Pompa v. Commissioner*, 73 Fed.Appx. 801, 803 (6th Cir.2003) (Step 2 omission of "little consequence" where ALJ considered "all impairments, severe and nonsevere" in crafting the RFC).

The ALJ considered Plaintiff's alleged depression in his written decision. AR, p. 17.[2] The decision did not specifically mention Plaintiff's neuropathy. However, the decision found that Plaintiff is more limited than found by the state agency program physician, who did base her RFC assessment, in part, upon the presence of "neuropathy." AR, pp. 18 and 102.

The ALJ adequately factored in the effect of Plaintiff's depression and neuropathy in determining his RFC. Alternatively, Plaintiff has failed to show that these impairments necessitated restrictions in excess of those contemplated by the controlling vocational hypothetical. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir.1987) (the focus of judicial review is whether the hypothetical contemplated all vocationally-significant physical and mental limitations actually suffered by the plaintiff). It is the limitation caused by an impairment, if any, not the label it is given (e.g., "severe" or "medically determinable"), that is capable of rendering an individual disabled. In either case, any error in not labeling or identifying Plaintiff's alleged depression and neuropathy as "severe" was harmless.

**The ALJ was not required to find disabling pain.**

As noted at above, the ALJ assigned significant mental limitation due to the side-effects of Plaintiff's need to take strong pain medication.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged [mental] symptoms; however, the claimant' statements concerning the

---

[2] The ALJ found no medically-determinable mental impairment and discounted Plaintiff's allegation of depression due to lack of treatment other than a one-time ER visit with situational depression. AR, pp. 17-18. The Court takes no position on the supportability of this finding in light of Plaintiff's testimony and the ALJ's own acknowledgement that Plaintiff has not obtained mental health treatment due to lack of funds. AR, pp. 14 and 44-45.

intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity [RFC] assessment." AR, p. 15.

Plaintiff argues that in evaluating his pain complaints and other subjective symptoms, the ALJ "overstated the importance of [his] daily activities and understated the significance of his [pain] medication regimen." Docket 14, p. 6. He further contends that the ALJ put insufficient weight on his wife's completion of the standard daily activities questionnaire (Functional Report – Adult – Third Party). AR, pp. 184-192.

Complaints of disabling pain are not automatically credited, even when corroborated by lay witness statements. In assessing a claimant's RFC, an ALJ must consider allegations of pain and other subjective symptoms and must make credibility findings where the objective evidence alone does not confirm the degree of limitation alleged. 20 C.F.R. § 404.1529; Social Security Ruling 96-7p.

When, as in this case, the alleged symptoms are of greater severity than can be established based solely on the objective medical evidence, the ALJ will consider other medical and non-medical factors. 20 C.F.R. § 404.1529(c)(3). "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir.1997).

The ALJ identified an adequate basis for his pain / credibility / RFC assessment in light of the relevant factors. He considered Plaintiff's level of daily activity as contemplated by Section 404.1529(c)(3)(i). AR, p. 15. He considered that Plaintiff obtained good pain relief with medication and pain management as contemplated by Section 404.1529(c)(3)(v). AR, pp. 15-17 referring to Pain Management Center records at AR, pp. 272-280, 296-297, and 312-315.

The ALJ considered the lay-witness report of Plaintiff's wife as required by Social Security Ruling 06-3p:

> While Mrs. Smith's report has been considered, there is no evidence to suggest she is a medically trained professional objectively noting the limitations and abilities of the claimant, nor can she be considered a wholly distinterested person since she is the claimant's wife. Therefore, less weight has been placed upon the report of Mrs. Smith.       AR, pp. 17-18.

While Plaintiff disagrees with the ALJ's assessment, he has failed to show that the ALJ acted outside his province or abused his discretion in balancing the regulatory factors to find that his mental impairments do not preclude sedentary work.

**The vocational testimony does not require a finding of disability.**

Finally, Plaintiff argues that he is disabled in light of the following exchange that occurred at the administrative hearing and the undisputed fact that few if any jobs allow the individual to simply walk away from the job site to relieve pain or for any other reason:

> ALJ:  Assume ... that this individual is limited to sedentary work ... and limited to jobs allowing for the opportunity to change positions between sitting, standing, walking after no more than 30 minutes.  Can the hypothetical individual perform any of the [sedentary] jobs you described?
>
> Vocational Expert (VE):  ...  There are some [sedentary] jobs that would allow for alternating sit and stand.  ...  However, there would be no jobs that would allow for walking away from the workplace.  So –
>
> ALJ:  I didn't – I – the restriction was they would have to change positions after sitting, standing, or walking after 30 minutes.
>
> VE:  Okay.  Well, there would be work that would be available for alternating with sit and stand.                                                                                              AR, p. 74.

While there may have been some initial confusion, the VE eventually understood that he was not being asked to assume that the individual suffers from an impairment that requires him to walk away from the job site.  In any event, the ALJ did not find and the evidence does not support a finding of such an impairment in this case.

5

**ORDER**

Because the ALJ's finding of lack of disability is supported by substantial evidence, the final decision of the Commissioner is AFFIRMED and Plaintiff's complaint is DISMISSED.